IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

JANUARY SESSION, 1999

FILED

February 24, 1999

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. NO. 01C01-9806-CC-00164 |
| | ) | |
| Appellee, | ) | |
| | ) | |
| | ) | MOORE COUNTY |
| VS. | ) | |
| | ) | HON. CHARLES LEE |
| NATHANIEL ALLEN, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Direct Appeal - Possession of |
| | ) | Marijuana/Driving |
| | ) | on Revoked Licensed) |

FOR THE APPELLANT:

CLIFFORD K. MCGOWN
113 North Court Square
Waverly, TN  37185
(On Appeal Only)

JOHN HARWELL DICKEY
District Public Defender
105 S. Main Street
Fayetteville, TN  37334
(At Trial and of Counsel on Appeal)

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

DARYL J. BRAND
Associate Solicitor General
425 Fifth Avenue North
Nashville, TN  37243

MIKE MCCOWEN
District Attorney General

ROBERT G. CRIGLER
Assistant District Attorney
Moore County Courthouse
Lynchburg, TN

OPINION FILED _____

AFFIRMED

JERRY L. SMITH, JUDGE

# OPINION

On January 26, 1998, a Moore County jury convicted Appellant Nathaniel Allen of possession of a controlled substance and driving on a revoked license. After a sentencing hearing on February 25, 1998, Appellant received concurrent sentences of ten months and fifteen days for possession of marijuana and three months for driving on a revoked license. On June 12, 1998, the trial court granted Appellant's motion for early release and placed Appellant on supervised probation. Appellant contends that the trial court erroneously imposed longer sentences than he deserves. After a review of the record, we affirm the judgment of the trial court.

## FACTS

Deputy Lawrence Campbell of the Moore County Sheriff's Department testified that on May 17, 1997, he stopped a vehicle driven by Appellant because the vehicle had lights that were not working properly. When Campbell approached the vehicle and asked Appellant for his license, he noticed the odor of marijuana coming from inside the vehicle. Campbell subsequently asked Appellant for permission to search the vehicle and Appellant agreed. After Appellant and his passenger exited the vehicle, Campbell and some other officers searched the vehicle and found a pair of hemostats that can be used for smoking marijuana. Shortly thereafter, Appellant's passenger reached into her pants and pulled out a marijuana cigarette that she gave to the officers. Campbell testified that at this point, Appellant stated that the marijuana cigarette belonged to him.

Appellant testified in his own behalf and his testimony differed slightly from that of Deputy Campbell in that Appellant testified that he was the one who gave the marijuana cigarette to the officers.

**ANALYSIS**

Although Appellant took the unusual step at his sentencing hearing of asking the trial court to impose the maximum sentence for each conviction, he now claims that his sentences are excessive. We disagree.

"When reviewing sentencing issues . . . including the granting or denial of probation and the length of sentence, the appellate court shall conduct a de novo review on the record of such issues. Such review shall be conducted with a presumption that the determinations made by the court from which the appeal is taken are correct." Tenn. Code Ann. § 40-35-401(d) (1997). "However, the presumption of correctness which accompanies the trial court's action is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). In conducting our review, we must consider all the evidence, the presentence report, the sentencing principles, the enhancing and mitigating factors, arguments of counsel, the defendant's statements, the nature and character of the offense, and the defendant's potential for rehabilitation. Tenn. Code Ann. §§ 40-35-103(5), -210(b) (1997 & Supp. 1998); Ashby, 823 S.W.2d at 169. "The defendant has the burden of demonstrating that the sentence is improper." Id. Because the record in this case indicates that the trial court properly considered the sentencing principles

and all relevant facts and circumstances, our review is de novo with a presumption of correctness.

In determining the length of Appellant's sentences, the trial court stated that instead of merely granting Appellant's request for maximum sentences, the court would follow the principles and procedures of the Sentencing Act of 1989. The trial court then found that three enhancement factors applied to Appellant's sentences. The court found that enhancement factor (1) applied because Appellant had a previous history of criminal convictions in addition to those necessary to establish the appropriate sentencing range. See Tenn. Code Ann. § 40-35-114(1) (1997).[1] The court also found that enhancement factor (2) applied because Appellant was the leader in an offense involving two or more persons. See Tenn. Code Ann. § 40-35-114(2) (1997). The court also found that enhancement factor (8) applied because Appellant had a previous history of unwillingness to comply with conditions of release into the community. See Tenn. Code Ann. § 40-35-114(8) (1997). Finally, the court found that the only mitigating factor that applied was factor (1), that Appellant's criminal conduct neither caused nor threatened serious bodily injury. See Tenn. Code Ann. § 40-35-113(1) (1997).

Appellant does not challenge the trial court's application of the three enhancement factors, nor does he contend that the trial court failed to apply any additional mitigating factors. Instead, Appellant simply makes the conclusory statement that under the facts of this case, his sentences are excessive. Not

---

[1]The record indicates that Appellant has two previous convictions for marijuana possession. In addition, Appellant has previous convictions for public intoxication, resisting arrest, driving under the influence of an intoxicant, and possession of a weapon with intent to go armed.

only is this unsupported allegation simply not sufficient to satisfy Appellant's burden of demonstrating that his sentences are improper, we conclude in our de novo review that, given Appellant's prior criminal record, sentences of ten months and fifteen days for possession of marijuana and three months for driving on a revoked license are entirely appropriate in this case. This issue has no merit.

Accordingly, the judgment of the trial court is AFFIRMED.

_____
JERRY L. SMITH, JUDGE

CONCUR:

_____
JOHN H. PEAY, JUDGE

_____
THOMAS T. WOODALL, JUDGE